UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

QUANTREIL LAURA
        Plaintiff,

v.                                         CIVIL ACTION NO. 18-40136-TSH

COMMONWEALTH OF MASSACHUSETTS,
ACTING CLERK MAGISTRATE
BRENDAN T. KEENAN, and
HONORABLE JANET KENTON-WALKER,
        Defendants.

## MEMORANDUM AND ORDER

HILLMAN, D.J.                                                                      August 14, 2018

For the reasons stated below, the Court will allow plaintiff's motion to proceed in forma pauperis and dismiss the action without prejudice.

I.    Background

On August 13, 2018, pro se plaintiff Quantreil Laura filed a self-prepared complaint against the Commonwealth of Massachusetts, Superior Court Justice Janet Kenton-Walker, and Acting Clerk Magistrate Brendan Keenan. Laura alleges that she maintains a power of attorney for her brother who is, by choice, proceeding pro se as a defendant in a criminal trial set for this Friday, August 18, 2018, in state Superior Court. Laura claims that Judge Keaton-Walker has issued an order "disregarding [her] power of attorney," because she is "not an involved party and to disregard any motions or submissions to the court on her brother's behalf." ECF No. 1, Compl. p. 4. She also claims that defendants are incompetent and have failed to act on her filings. She seeks for the Court to essentially overrule the Superior's Court's Order and permit her to act on his behalf in the State Criminal Action. Laura also seeks unspecified "punitive damages." Along with her complaint, Laura filed a motion to proceed in forma pauperis.

1

II. Discussion

   A. Plaintiff's Motion to Proceed In Forma Pauperis.

Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is hereby ALLOWED. Because plaintiff is proceeding *in forma pauperis*, her complaint is subject to screening pursuant to 28 U.S.C. § 1915, and is construed generously. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

   B. Laura's 28 U.S.C. §1983 Damages Claims Are Barred Because Defendants Are Immune From Suit.[1]

Claims against the Commonwealth of Massachusetts and individual defendants for punitive damages in their official capacities are barred by sovereign immunity under the Eleventh Amendment to the United States Constitution. "'[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment'" to the United States Constitution. Davidson v. Howe, 749 F.3d 21, 27 (1st Cir. 2014)(quoting Edelman v. Jordan, 415 U.S. 651, 663 (1974). "This is true whether the named defendant is the state itself or… a state official in her official capacity." Id. The Commonwealth has not consented to suit under 42 U.S.C. §1983 in its own or the federal courts, see Woodbridge v. Worcester State Hosp., 384 Mass. 38, 44–45 (1981), and Section 1983 does not abrogate a state's immunity from suit in federal court. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect....").

Laura's personal capacity claims for punitive damages against Judge Janet Kenton-Walker are barred by the doctrine of absolute judicial immunity. Becks v. Plymouth County Superior

---

[1] Although plaintiff identifies "18 U.S.C. § 1961", or the Racketeering Influenced and Corrupt Organizations Act, as a basis for jurisdiction, the allegations of the complaint even viewed generously do not state a plausible claim.

Court, 511 F.Supp.2d 203, 206 (D.Mass.2007) ("Absolute immunity from civil liability applies to any judicial officer for any normal and routine judicial act."). "Absolute immunity applies to 'judges performing judicial acts within their jurisdiction,' and the protection it affords applies even if the official 'acted maliciously and corruptly in exercising his judicial ... functions' or 'in the presence of grave procedural errors.'" Ives v. Agastoni, No. CV 15-30153-MAP, 2015 WL 9647559, at *3 (D. Mass. Dec. 14, 2015)(quoting Goldstein v. Galvin, 719 F.3d 16, 24 (1st Cir.2013)), report and recommendation adopted, No. 15-CV-30153-MAP, 2016 WL 79881 (D. Mass. Jan. 5, 2016). Similarly, the doctrine of quasi-absolute judicial immunity extends to employees of a court, such as defendant Keenan, when performing tasks that are an integral part of the judicial process. Andre v. Moriarty, No. CIV. 11-40009-FDS, 2011 WL 1456773, at *7 (D. Mass. Apr. 4, 2011).

Here, Laura merely alleges that Judge Janet Kenton-Walker Judge issued an order in a state criminal action that she believes is legally incorrect, and that Judge Kenton-Walker (and perhaps Acting Clerk-Magistrate Brendan Keenan) failed to act promptly, all motivated by a bias against pro se litigants. Such claims are subject to judicial and quasi-judicial immunity. Accordingly, all claims for monetary damages will be dismissed without prejudice.

    C.    Remaining Claims For Injunctive Relief are Barred under Younger Abstention Doctrine.

The heart of Laura's claim is for injunctive relief for this Court to essentially overrule a state court's orders in a pending criminal trial, and order the Superior Court to permit Laura participate in her brother's criminal trial under a power of attorney. Under Younger v. Harris, 401 U.S. 37, 41 (1971), "a federal court must abstain from reaching the merits of a case over which it [otherwise] has jurisdiction so long as there is (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding ... that (2) implicates an important state interest, and (3) provides

3

an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit." Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 638 (1st Cir. 1996) (citing Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). "In fact, federal courts must 'abstain from interfering with state court proceedings even where defendants claim violations of important federal rights.'" Watson v. Ordonez, No. CV 17-11871-NMG, 2018 WL 3118420, at *2 (D. Mass. June 22, 2018)(quoting In re Justices of Superior Court Dep't of Mass. Trial Court, 218 F.3d 11, 17 (1st Cir. 2000) (collecting cases)). Here, all three elements are fulfilled. First, there is an on-going criminal proceeding instituted prior to this action. Second, the Commonwealth's resolution of alleged violations of state criminal law implicates an important state interest. Third, Laura can raise her objections to the Superior Court's orders and actions in that court, or in the appellate courts of the Commonwealth. Accordingly, where the only potential claims that could be brought here are for prospective injunctive or declaratory relief that would interfere with an on-going state criminal proceeding, this Court abstains from exercising its jurisdiction over such claims and the action will be dismissed in its entirety without prejudice. See Hines v. Hervey, No. CV 17-40042-DHH, 2018 WL 1477138, at *4 (D. Mass. Mar. 26, 2018)("Because the court has dismissed without prejudice the claims for monetary damages against the defendants…no…stay is necessary").

III. Conclusion and Order

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 3) is hereby ALLOWED.

2. All claims for punitive damages are DISMISSED without prejudice because the defendants are immune from suit for monetary damages in this Court.

3. All claims for injunctive or declaratory relief are <u>DISMISSED</u> <u>without</u> <u>prejudice</u> where the Court abstains exercising its jurisdiction over such claims under <u>Younger v. Harris</u>.

4. Nothing in this Order shall be construed to prevent plaintiff from seeking relief from the courts of the Commonwealth of Massachusetts, or otherwise.

5. The Clerk is directed to enter an order dismissing this action without prejudice.

**So Ordered.**

/s/ *Timothy S. Hillman*
**UNITED STATES DISTRICT JUDGE**